LOMMER et al. v. SCRANTON–SPRING BROOK WATER SERVICE CO. et al. (AMERICAN OIL CO., Third-Party Defendant).

No. 941.

District Court, M. D. Pennsylvania.

Oct. 11, 1944.

McDonough & Boasberg, of Buffalo, N. Y., and Stark, Bissell & Reifsnyder, of Scranton, Pa., for plaintiff.

Frank J. McDonnell, of Scranton, Pa., for defendant Scranton-Spring Brook Water Service Co.

Welles, Mumford & McGrath, of Scranton, Pa., for defendants Edmund J. Thomas and Ruth T. Thomas.

J. Frank Connolly, of Scranton, Pa., for American Oil Co.

WATSON, District Judge.

This action was brought to recover damages for the wrongful death of the husband of the plaintiff. The American Oil Company was duly served by the defendant, Scranton-Spring Brook Water Service Company, with a third-party complaint, wherein it is alleged that the American Oil Company is alone and solely liable for the damages claimed by the plaintiff. Later a motion by the plaintiff for leave to amend its complaint to charge the American Oil Company with liability was denied. Opinion and order filed March 31, 1943, D.C., 3 F.R.D. 27. The third-party defendant, the American Oil Company, now brings before this Court a motion to dismiss third-party proceedings, contending that there is no one on the record who may recover from it.

If the proper construction of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is that it makes it essential that the plaintiff amend its complaint and include the third-party defendant, in order that the case be at issue as between the plaintiff and the third-party defendant, the American Oil Company should succeed in its motion. However, if it is found otherwise the motion must be dismissed. The only clause of Rule 14(a) which refers to an amended complaint is as follows: "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant."

■ There is nothing in that section, nor in any decision construing it, which indicates that it is essential to the survival of the plaintiff's cause of action against the third-party defendant that the plaintiff amend his complaint to include the third-party defendant. In fact, in the case of direct liability of third-party defendant to the plaintiff, the third-party complaint itself presents an issue between the third party and plaintiff and makes them opposing parties without amendment in respect to plaintiff's original claim; whereas, in the case of alleged liability over to the defendant only, no issue is presented between plaintiff and third party; and, if the plaintiff desires to make such an issue, he probably must amend. The former is the case at bar. The reason for including in the rule express permission to amend in case of liability over is that, under third-party practice in some of the states, plaintiff was not permitted to amend, though such is not the rule in Pennsylvania.

If the third-party complaint alleges facts showing a third party's direct liability to plaintiff on the claim set out in plaintiff's complaint, then the third party "shall" make his defenses as provided in Rule 12 and his counterclaims against the plaintiff as provided in Rule 13. In the case of alleged direct liability, no amendment is necessary or required. The subject matter of the claim is contained in plaintiff's complaint, the ground of third-party's liability on that claim is alleged in the third-party complaint, and third party's defense to his alleged liability on the claim is set up in his answer. At that point and without amendment, the plaintiff and third-party are at issue as to their rights respecting the claim.

I agree with the reasoning and conclusion of Judge Deaver in Atlantic Coast Line R. Co. v. United States F. & Guaranty Co., D. C., 52 F. Supp. 177, 186, where he said: "Therefore, when the third-party complaint alleges that third-party is liable to plaintiff, either alone or jointly, plaintiff and third-party are opposing parties without amendment and whether plaintiff so elects or not. In such a case Rule 14 was intended to operate the same as the admiralty rule and the Pennsylvania rule above quoted under which, without amendment, the case proceeds as if third-party had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant and as if he had replied thereto denying all liability."

The order handed down which denied the plaintiff leave to amend I hold was proper on the grounds mentioned above that the plaintiff and third-party defendant were already at issue and no amendment was necessary or required. However, in the light of recent decisions, and particularly that in Atlantic Coast Line R. Co. v. United States F. & Guaranty Co., supra, which had not been brought to my attention when the opinion was filed March 31, 1943, I must concede that the reasoning of the dicta in that opinion was not proper, as undoubtedly the plaintiff and third-party defendant were opposing parties when the American Oil Company was made a third-party defendant and was duly served with the third-party complaint.

It is ordered that the motion to dismiss the third-party proceedings against the American Oil Company be, and hereby is, denied.