[No. 35395.   Department Two.   March 17, 1961.]

SID ROBISON, *Individually, and as Executor of the Estate of Annie C. Robison, Deceased, Appellant,* v. GENE P. SIMARD *et al., Respondents.*[1]

[1]Reported in 360 P. (2d) 153.

*J. B. Pennington,* for appellant.

*Ogden & Ogden* and *James A. Murphy,* for respondents.

FOSTER, J.—At a Seattle street intersection, automobiles driven by appellant and respondent Sara Nan Simard collided. Appellant, plaintiff below, sued the respondents for his damages. The court held, as a matter of law, that the respondents were negligent, but, upon trial, submitted for jury determination the issue of the appellant's contributory negligence. The jury found for the respondents, upon which verdict judgment was entered dismissing the plaintiff's complaint. Plaintiff now appeals.

Notwithstanding the numerous assignments of error, the sole question for determination is whether the court erred in submitting the issue of the appellant's contributory negligence to the jury.

■ While the appellant was a favored driver, he was not thereby immunized from his own negligence. A favored driver may assume a disfavored driver will yield the right of way. But this does not justify recklessness by the favored driver. All drivers, including those having the right of way, must exercise ordinary care. Excessive speed, failure to keep a lookout, or failure to stop or to reduce his speed when danger should have been recognized may constitute negligence of the favored driver. *Bennett v. Karnowsky,* 24 Wn. (2d) 487, 166 P. (2d) 192; *Gaskill v. Amadon,* 179 Wash. 375, 38 P. (2d) 229; *Butzke v. Hendrickson,* 172 Wash. 302, 20 P. (2d) 7; *Stokoe v. Paulson,* 168 Wash. 1, 10 P. (2d) 247.

Appellant's evidence is that he looked in both directions on approaching the intersection but saw nothing, and that, upon entering the intersection and after his wife cried out, he glanced to the left and then, for the first time, saw respondents' car bearing down upon him at a speed of forty miles per hour. He testified that, although he was traveling downgrade, his speed was but twenty miles per hour. However, in appellant's statement to the police, which is in evidence, he estimated his speed at twenty-five to twenty-seven miles per hour. The intersection speed limit was

twenty-five miles per hour. Moreover, appellant's vision was impaired as a result of a detached retina.

Respondents' evidence was that respondent driver stopped and looked both ways and saw nothing before entering the intersection, which she entered very slowly, and that the appellant's car suddenly came upon them at a speed of thirty to thirty-five miles per hour.

A reasonable person might conclude from the evidence that the appellant was driving too fast under the circumstances, even though not exceeding the speed limit. The maximum statutory rate of speed is not always permitted by law. RCW 46.48.010. *King v. Molthan,* 54 Wn. (2d) 115, 338 P. (2d) 338; *Thorstenson v. Degler,* 15 Wn. (2d) 211, 129 P. (2d) 996; *Copeland v. North Coast Transp. Co.,* 169 Wash. 84, 13 P. (2d) 65. A driver must operate his car in a careful and prudent manner under prevailing conditions. That appellant was not maintaining a lookout upon his approach to the intersection is a justifiable conclusion from the proofs. Such were the conflicts which presented the issue of the appellant's contributory negligence, upon which the jury was properly instructed.

The disposition of the case makes it unnecessary to consider other questions raised by the appellant.

Affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

April 26, 1961. Petition for rehearing denied.