CARLOS FLORES ORTIZ ET AL., Plaintiffs and Appellees, v. F. & J. M. CARRERA, INC., Defendant and Appellant.

No. 12355. Decided August 18, 1961.

██ 

*Juan E. Géigel* for defendant-appellant. *Angel M. Ciordia* for plaintiff-appellee.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

PER CURIAM.

The accident which gave rise to this action occurred at the intersection of state highway Nos. 2 and 685. The plaintiff was returning by the latter highway from the bathing resort known as Mar Chiquita together with another person, who is also a plaintiff. On approaching highway No. 2, he stopped and looked to the left and then to the right. To his right he saw an oncoming truck and, judging that he had time to cross the road and reckoning the distance between the approaching vehicle and the fact that they were travelling along a school zone where it was necessary for defendant's vehicle to reduce the speed, he decided to proceed. When he was already on the right lane of highway No. 2, the truck ran into the center of his car. The chauffeur of the truck saw the plaintiff's vehicle coming out of the secondary road and entering the main highway, but he did not apply the brakes immediately assuming that the plaintiff would stop upon approaching the white line which divides the road. When he saw that the plaintiff did not stop, he tried to apply the brakes and swerved but could not help running into the vehicle as it crossed the highway.

██ Both drivers were negligent. The plaintiff should have waited until the vehicle which was travelling along the main highway crossed the intersection and then proceed to cross at this place. Section 17*g* of Act No. 279 of April 5, 1946 (Sess. Laws, p. 598; 9 L.P.R.A. § 187); *Paddack* v. *Patrick*, 79 N.W.2d 701 (Neb. 1956); *Bezdek* v. *Patrick*, 103

N.W.2d 318 (Neb. 1960). When the chauffeur of the truck saw that the plaintiff started to cross the main highway, he should have taken immediately the necessary precautions to avoid the collision, reducing the speed and applying the brakes and not assume that he would have to stop upon approaching the white line which divides the two lanes of the road and then, upon realizing that the car did not stop, apply the brakes. *Robison* v. *Simard*, 360 P.2d 153 (Wash. 1961); *Noyce* v. *Ross*, 104 N.W.2d 736 (Mich. 1960); *Puhl* v. *Milwaukee Automobile Ins. Co.*, 99 N.W.2d 163 (Wis. 1960).

The trial court granted the claim made by the two plaintiffs and dismissed defendant's counterclaim for the damages sustained by the truck. It awarded to the plaintiff $3,000 for the injuries and wounds sustained and $250 for the total loss of the car and $300 for attorney's fees. It awarded to the other plaintiff $300 for the injuries and wounds sustained.

■■ Both drivers being equally responsible for the accident, the compensation awarded to the plaintiff who was operating the vehicle and who attempted to cross the road should be reduced in the corresponding proportion, and one half of the damages sustained by the truck should be awarded to the defendant. The compensation awarded to the other plaintiff should not be disturbed, since there is no evidence that he was personally negligent and the negligence of the other plaintiff can not be imputed to him, *Pacheco* v. *Pomales*, 55 P.R.R. 333 (1939); *López* v. *American Railroad Co.*, 50 P.R.R. 1 (1936), and there is sufficient evidence to support his right to said damages because he was riding in the vehicle driven by the other plaintiff and sustained damages which were established.

The judgment rendered by the Superior Court, Arecibo Part, on June 6, 1957, will be modified by reducing to one half the $3,250 compensation awarded to plaintiff Carlos Flores Ortiz and deducting therefrom one half which would correspond to the defendant for the damages sustained by

the truck amounting to $466.41, the judgment being, therefore, reduced to $1,391.80. The amount of $300 awarded to the other plaintiff will not be disturbed, but the award of attorney's fees is eliminated. As thus modified, it will be affirmed.