[No. 35755.   Department Two.   November 9, 1961.]

LEONARD WATSON et al., *Respondents*, v. JOSEPH MILLER et al., *Appellants.**

*Clarke, Clarke, Albertson & Bovingdon*, for appellants.

*Parker & Parker*, for respondents.

*Reported in 366 P. (2d) 190.

HUNTER, J.—This appeal is from an action, tried to a jury, arising from a collision in an uncontrolled intersection. Rose E. Watson, the favored driver (hereinafter referred to as the plaintiff), brought suit against Joseph Miller, the disfavored driver (hereinafter referred to as the defendant), for damages from injuries received by the plaintiff as a result of the accident. The defendant counterclaimed for damages and also asserted contributory negligence of the plaintiff as an affirmative defense.

At the close of the evidence, the trial court denied the plaintiff's motion for a directed verdict and refused to instruct the jury that the defendant was negligent as a matter of law. In the charge to the jury, the court gave instruction No. 11 which read as follows:

"The favored driver cannot proceed blindly into an intersection ignoring a vehicle which may be in the intersection, but such favored driver is required to use ordinary care to avoid a collision either by stopping his vehicle if he can do so by the exercise of reasonable care or by swerving his vehicle to one side or the other if he has reasonable time and opportunity to do so. The favored driver cannot take the right of way when he sees, or in the exercise of reasonable care should see, that to do so will inevitably result in collision, if he has time and opportunity to avoid the collision."

The jury returned a verdict in favor of the defendant without damages. However, upon the plaintiff's motion, the trial court granted a new trial on the grounds that it erred in failing to instruct the jury the defendant was negligent as a matter of law, and in giving the above instruction. The defendant appeals.

The defendant's assignments of error arise from the two grounds upon which the trial court based the granting of the plaintiff's motion for a new trial. The issues presented are: (1) Was the trial court correct in holding that the defendant, as the disfavored driver, was negligent as a matter of law? (2) Did the trial court incorrectly determine that instruction No. 11 was erroneously given? The following constitutes the evidence in the record from which these issues may be resolved.

On February 12, 1956, at approximately 7:45 a.m., the plaintiff was driving easterly along Aberdeen Avenue, in Hoquiam, and the defendant was traveling southerly on 24th street. There were no traffic controls at the intersection of the two streets and the surface of the roads was dry.

The plaintiff, in her version of the accident, stated she approached the intersection at a speed of approximately twenty miles per hour. There were no cars in front of her or parked along the side of the street. The first time she saw the defendant's car was when she knew they were going to collide and, at that instant, she could not judge the distance between the cars or the speed of the defendant's car. The plaintiff also testified that she did not remember whether or not she applied her brakes before the collision.

The defendant testified he was traveling slowly in second gear. As he approached the intersection where his front bumper was about even with the north curb line of Aberdeen Avenue, he first looked to the left. When he looked to the right, he saw the plaintiff's car and immediately applied his brakes. He approximated that the plaintiff's car was fifty feet away from his car when he first observed it, and he estimated her speed at between thirty-five and forty-five miles per hour. The defendant stated that his car came to a complete stop one foot across the center line of the intersection before the left front door of the plaintiff's car collided with his right front bumper guard.

█ The defendant, entering the intersection to the left of the plaintiff's approaching car, was the disfavored driver under RCW 46.60.150. We succinctly restated the rule as to the duties of a disfavored driver in the case of *Zorich v. Billingsley,* 52 Wn. (2d) 138, 324 P. (2d) 255 (1958):

"The fact that two cars collide within an intersection establishes that they were simultaneously approaching a given point within the intersection, within the meaning of the statute; and the disfavored driver may not escape liability for his failure to yield the right of way unless he proves that, as a reasonably prudent driver, he was deceived by the wrongful operation of the vehicle on his right. *Smith v. Laughlin, supra* [51 Wn. (2d) 740, 321 P. (2d) 907]; *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

"It was the primary duty of the defendant to avoid the accident by looking out for, and yielding the right of way to, the vehicle on his right. In failing to perform that duty, the defendant was guilty of negligence as a matter of law, which proximately caused the accident. . . ."

In the instant case, there is no evidence in the record as to any conduct by the plaintiff which caused the defendant to be deceived when the defendant attempted to cross the intersection. According to the defendant's own testimony, he first observed the plaintiff's car on his right after his car had entered the intersection, where he immediately applied his brakes and came to a stop after proceeding past the center line.

The defendant was not deceived and he did not keep his car under sufficient control to yield the right of way to the favored driver as required by statute. The trial court was therefore correct in its final determination that the defendant was guilty of negligence as a matter of law.

However, the defendant contends, contrary to the holding of the trial court, that under the evidence in the case the plaintiff was guilty of contributory negligence as a matter of law.

■ This court often has acknowledged that a favored driver does not have a license to proceed through an intersection insensible to the conduct or whereabouts of a disfavored driver. We recently considered the care that must be exercised by a favored driver in *Robison v. Simard,* 57 Wn. (2d) 850, 360 P. (2d) 153 (1961), where we stated:

"While the appellant was a favored driver, he was not thereby immunized from his own negligence. A favored driver may assume a disfavored driver will yield the right of way. But this does not justify recklessness by the favored driver. All drivers, including those having the right of way, must exercise ordinary care. Excessive speed, failure to keep a lookout, or failure to stop or to reduce his speed when danger should have been recognized may constitute negligence of the favored driver. . . ."

■ A careful reading of the record does not support the defendant's contention that the plaintiff was guilty of

contributory negligence as a matter of law. The evidence of speed and the relative location of the drivers as they entered the intersection are in conflict. The jury reasonably could have concluded that the plaintiff, in presuming the defendant would obey the rules of the road, and in view of the slow speed at which the defendant was approaching the intersection, would not have known until after the defendant had entered the intersection that he would fail to yield the right of way; and at that time it would have been too late for the plaintiff to avoid the accident. On the other hand, the record does not support the holding of the trial court that instruction No. 11 should not have been given. The jury was entitled to believe the testimony of the defendant to the effect that his car had come to a stop in the intersection in time for the plaintiff to have avoided the collision had she maintained a proper lookout. Therefore, the issue of the contributory negligence of the plaintiff was a jury question and instruction No. 11, relative to the duty of the favored driver, was properly given.

From the jury verdict for the defendant, we cannot say whether the jury found the defendant was not negligent or that the defendant was negligent, and the verdict for the defendant was by reason of its finding the plaintiff guilty of contributory negligence. Moreover, since the jury by its verdict denied recovery to the plaintiff in her action, and denied recovery by the defendant on his cross-complaint, the jury could have found that neither the plaintiff nor the defendant was negligent. These possible findings by the jury are inconsistent with our determination that the defendant was negligent as a matter of law. The plaintiff was therefore denied a fair trial.

In summation, the trial court was correct in holding it erred in denying the plaintiff's motion that the jury be instructed the defendant was negligent as a matter of law. However, the trial court incorrectly concluded that it was error to give the court's instruction No. 11.

The case is remanded for a new trial on all issues except

on the issue of negligence of the defendant, which has been determined as a matter of law.

The plaintiff, having substantially prevailed, will be allowed her costs on this appeal.

FINLEY, C. J., DONWORTH, and OTT, JJ., concur.

MALLERY, J. (dissenting)—I think the right of way rule as qualified by *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, to which this court has steadfastly adhered for many years, is abrogated by the majority ruling on instruction No. 11.

I, therefore, dissent.