[No. 36004.    Department Two.    November 8, 1962.]

Arthur Woyen et al., Appellants, v. Todd J. Perkins et al., Respondents.*

*Albert & Andrews* and *Vernon Lindskog,* for appellants.

*Parr & Baker,* for respondents.

Hamilton, J.—This appeal arises from an automobile collision at the uncontrolled intersection of 17th Street and Water Street in Olympia, Washington.

Plaintiffs (appellants), riding in the favored vehicle, were proceeding westerly on 17th Street intending to make a right turn into Water Street. Defendant driver, in the disfavored vehicle, was traveling north on Water Street. Each street is 24 feet in width. The day was dark and a mist or rain was falling. Observation was obstructed by parked cars, a house, trees, and shrubbery about the southeasterly portions of the intersection. Both drivers testified they did not see the other until the instant of impact. The collision occurred in the approximate center of the intersection, the front of plaintiffs' vehicle striking or being struck by the right front side of the defendants' vehicle. Nei-

*Reported in 375 P. (2d) 742.

ther vehicle was traveling in excess of 15 miles per hour. Defendants claim no deception.

Upon the conclusion of the evidence, plaintiffs moved, in effect, for a directed verdict upon the issues of primary negligence and contributory negligence. Both motions were denied, the cause was submitted to the jury upon all issues, and a verdict for defendants returned. Plaintiffs' motion for a new trial was denied.

Plaintiffs, on appeal, assign error to the denial of their motion for new trial, in so far as it relates to the submission of the issue of defendants' negligence, and to the giving of certain instructions relating to such negligence.

Upon cross-examination, the disfavored defendant driver testified:

"Q. Then you have stated on direct examination, excuse me, that when you looked at this point approximately 8 to 12 feet from the intersection your view was obstructed by automobiles, by the trees (indicating on diagram)? A. Yes. Q. And by these automobiles? A. Yes. Q. You also stated that when you first glanced that your view was obstructed by the house, by the holly tree, by the automobiles and the trees that are on the east side of Water Street and possibly the trees on the south side, the south side of 17th (indicating on diagram); is that correct? A. Yes. Q. In other words, you did not have a clear vision into 17th to observe whether there were any vehicles coming? A. No. Q. And you did not look again until you saw the Woyen vehicle just prior to impact; in other words, you didn't at least? A. That is the next thing that is verified in my mind in getting a very short glance at the Woyen car."

In *Delsman v. Bertotti*, 200 Wash. 380, 390, 93 P. (2d) 371 we said:

"The burden to avoid colliding with a car approaching from his right rests heavily upon the disfavored driver. A clear and unambiguous statute imposes this burden, and the ingrafting of exceptions upon this sound and wholesome rule of the road would tend only to confusion and lead drivers occupying the disfavored position under the statute to think that they might somehow escape the burden imposed upon them by law and throw the blame for avoidable accidents upon another. . . ."

We have on recent occasion reiterated this pronouncement. *Watson v. Miller,* 59 Wn. (2d) 85, 366 P. (2d) 190; *Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831; *Liesey v. Wheeler, ante* p. 209, 373 P. (2d) 130.

In the *Delsman* case, *supra,* we further stated [p. 386]:

" . . . Under the law, appellant [disfavored driver] was required to look out for, and yield the right of way to, a vehicle approaching from his right. The observation which a driver in appellant's position is required to make is observation from a point at which he can see, and decide when he can proceed within a reasonable margin of safety, not from a point back from the intersecting street, from which his view is seriously obstructed. . . ."

Both vehicles were simultaneously approaching a given point within the intersection with little difference in their respective speeds. Plaintiffs' vehicle was there to be seen if defendant driver had made observation from a point at which he could see. His failure so to do constituted negligence as a matter of law, and a proximate cause of the accident.

We hold that the trial court erred in denying plaintiffs' motion in this respect. Such disposition renders unnecessary a consideration of plaintiffs' remaining assignments of error, except to state that the phraseology of the instructions, to which errors are assigned, renders uncertain the import of the jury's verdict as related to the issue of contributory negligence.

The judgment is reversed, and the cause remanded for a new trial upon the issues of contributory negligence and damages only. Costs shall abide the results of the new trial.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.