[No. 39274.   Department Two.   March 14, 1968.]

REED SEBERS et al., *Appellants*, v. RUSSELL CURRY et al.,
*Respondents**

*Mathew D. Griffin* and *Griffin & Johnson*, for appellants.

*John F. Wilson* and *McCrea, Kafer, Gissberg & Wilson*,
for respondents.

PER CURIAM.—This is an action for the wrongful death of
a minor child. The 6-year-old son of plaintiffs' was killed
when he was struck by defendants' automobile which was
being driven by defendants' teen-aged daughter past sev-
eral school buses in Everett. The evidence showed that the
boy ran into the street and the automobile skidded some 67
feet in trying to stop and avoid hitting the child. The
daughter testified that she saw something run in front of
the automobile and she tried to stop. She was going, she
said, at about 30 miles per hour.

The child's father testified concerning the boy and his
state of health. There was no other evidence concerning the
value of any possible services that the child performed.
Special damages of doctor and hospital bills and funeral
expenses totaled $1,011.96.

The complaint alleged that the decedent was a loving son
to plaintiffs and was devoted to them and a source of com-
panionship. It further alleged that, by reason of his death,
his parents, the plaintiffs, have been deprived of his serv-
ices.

*Reported in 438 P.2d 616.

The critical instruction given by the trial court was instruction No. 9, as follows:

You are instructed that should you decide from the evidence that the plaintiffs are entitled to damages for the loss of their minor child, you will give consideration to the following as a measure of the damages to be awarded:

You shall determine the value of the services of the child from the date of the injury until he would have attained the age of majority, less the cost of his support and maintenance to his parents during this interval period.

In determining the value of the deceased child's services, you must take into consideration the child's health, his mental and physical capacity, both present and prospective as well as the situation of his parents.

In determining the value of the deceased child's services, you must not consider any distress, sorrow or mental suffering of the parents caused by the death of said child. This is not an item of damage to be considered by you.

You may also consider what expenses may have been incurred as shown by the evidence of the plaintiffs for funeral expenses, as a result of the death of the child.

No other instruction was given in this connection. None was proposed by plaintiffs. No exception was taken to this instruction.

The jury returned a verdict for the exact amount of the special damages, in the sum of $1,011.96. After the verdict had been rendered, plaintiffs moved for a new trial, which was denied. This appeal followed.

The only assignment of error was the failure of the court to set aside the verdict and grant a new trial.

■ This court has repeatedly held that when no exceptions are taken to the trial court's instructions, such instructions become the law of the case. *Fidelity & Cas. Co. of New York v. Halibut Producers Cooperative, ante* p. 153, 437 P.2d 182 (1968).

This instruction limited recovery to the special damages and the value of the child's prospective services above the cost of his maintenance and support. In *Clark v. Icicle*

360

*Irrigation Dist.,* 72 Wn.2d 201, 210, 432 P.2d 541 (1967), the court stated:

> There was no attempt in this case to show as a fact that the "value of the services of said child from the date of the death until he would have attained the age of majority" would exceed "the cost to his parents of his support and maintenance during this interval." There is no evidence to sustain the plaintiffs' claim for loss of services.

Therefore, the court reduced the judgment by the amount awarded for loss of services.

In the case before us, owing to the paucity of testimony bearing upon the value of the boy's services, the jury's verdict upon the facts is binding upon appeal. Consequently, in view of the narrowness of the issue involved, the judgment must be and is hereby affirmed.