[No. 19-40063-1.    Division One.    January 19, 1970.]
Panel 1

WALTER L. DANIELS *et al., Appellants,* v. PACIFIC NORTH-WEST BELL TELEPHONE COMPANY *et al., Respondents.*

*Lenihan & Ivers* and *James F. McAteer,* for appellants.

*Merrick, Johnson, Burgess & Hofstedt* and *F. Ross Burgess,* for respondents.

SWANSON, J.—Seattle's West Ruffner Street runs east-west and is intersected by 29th Avenue West, which runs north-south. At this uncontrolled intersection, on May 26, 1965, plaintiffs' Fiat automobile, driven by plaintiff Loretta

H. Daniels, collided with defendant corporation's van truck, driven by co-defendant W. C. Woodson.

Plaintiff, the favored driver, was proceeding northbound on 29th Avenue West toward the intersection. As she approached the intersection she saw the telephone company's truck approaching the intersection from her left. She said both vehicles were about the same distance from the intersection, and the truck was slowing down as it neared the intersection. Mrs. Daniels assumed the truck was going to stop to let her pass through. She stated that she looked to her right, and when she again looked ahead, defendant's vehicle was accelerating rather than stopping. Seeing a collision was imminent, plaintiff applied her brakes and turned sharply to the right.

The telephone company van truck was proceeding east on West Ruffner Street. As it approached the intersection, both Mr. Woodson and his passenger looked to the left and to the right and stated they saw no vehicle approaching and proceeded through the uncontrolled intersection. When the telephone company truck was almost through the intersection, defendant Woodson stated, "[T]here was just a blue flash and I looked back and we were hit."

The collision occurred approximately 3 feet east of the intersection—that is, east of 29th Avenue West—and one pace north of the south curb line of West Ruffner. A right-of-way case is thus presented with defendants in the role of disfavored driver and plaintiffs favored under the law. From a judgment on the verdict for the defendants, plaintiffs appeal.

■ First, error is assigned to the trial court's denial of plaintiffs' motion for a directed verdict as to liability. Plaintiffs argue that the defendant disfavored driver is clearly negligent and there is no more than a scintilla of evidence of plaintiffs' contributory negligence. We disagree. The jury could have reasonably found that the plaintiff favored driver having seen the defendant truck about to enter the intersection, failed to decrease her speed and maintain a lookout. See *Bos v. Dufault*, 42 Wn.2d 641, 257 P.2d 775

(1953). The jury was entitled to conclude that since the point of impact was about 3 feet east of the intersection, plaintiff driver could have avoided the collision simply by proceeding straight ahead through the intersection. As in *Nelson v. Blake*, 72 Wn.2d 652, 654, 434 P.2d 595 (1967):

> We are unable to say, as a matter of law, that he [the favored driver] was not contributorily negligent; and therefore the issue of contributory negligence was for the jury.

The motion for a directed verdict was properly denied.

■ Second, plaintiffs claim the trial court erred in submitting the question of defendant's negligence to the jury. This assignment of error has no merit. A motion presenting this question was never made to the trial court so far as the record discloses. (The argument on directed verdict was not included in the record.) Arguments or motions not presented to the trial court cannot be considered on appeal. *State v. Ashby*, 77 W.D.2d 32, 459 P.2d 403 (1969). Further, plaintiffs took no exceptions to the instructions regarding the issue of defendant's negligence. They cannot be heard to complain now. *Spinelli v. Economy Stations, Inc.*, 71 Wn.2d 503, 429 P.2d 240 (1967); *Sebers v. Curry*, 73 Wn.2d 358, 438 P.2d 616 (1968).

Third, plaintiff assigns error to the comprehensive instruction given to the jury governing rules of the road and prescribing the requirements of compliance with the traffic laws. The offending instructions are not set out in plaintiffs' brief and cannot be considered. *Frohlich v. Metropolitan Chem. Co.*, 61 Wn.2d 66, 377 P.2d 443 (1962). Rule on Appeal I-43 states in part:

> No error assigned to the inclusion, omission, sufficiency, or insufficiency of an instruction or instructions, given or not given, will be considered unless such instruction or instructions, as the case may be, shall be set out in the brief in full.

See CAROA 43.

The balance of plaintiffs' assignments of error all relate to instruction 8 which states:

A favored driver cannot proceed blindly into an intersection ignoring a vehicle which may be in the intersection, but such favored driver is required to use ordinary care to avoid a collision either by stopping his vehicle if he can do so by the exercise of reasonable care, or by swerving his vehicle to one side or the other if he has reasonable time and opportunity to do so. The favored driver cannot take the right of way when he sees, or in the exercise of reasonable care should see, that to do so will inevitably result in a collision if he has time and opportunity to avoid the collision.

Plaintiffs say this instruction is an incomplete and incorrect statement of the law and a comment on the evidence, and that it inferentially informs the jury that the disfavored driver who did not see the favored driver's approaching vehicle has the right to proceed blindly into the intersection in disregard of others' rights and safety. Defendants, relying on *Watson v. Miller*, 59 Wn.2d 85, 366 P.2d 190 (1961), claim the instruction, considered in the context of all the instructions, was not improper.

This instruction was discussed by the Supreme Court in *Mondor v. Rhoades*, 63 Wn.2d 159, 162-63, 385 P.2d 722 (1963), wherein it stated that the trial court's refusal to give this instruction was not in error:

Plaintiffs first assign error to the court's refusal to give their proposed instruction No. 6, pointing to *Robison v. Simard*, 57 Wn. (2d) 850, 360 P. (2d) 153, and *Watson v. Miller*, 59 Wn. (2d) 85, 366 P. (2d) 190, to support it. The *Robison* case, *supra*, we find to be authority for the proposition that, where there is substantial evidence of it, the question of the contributory negligence on the part of the favored driver should be submitted to the jury. It can hardly be said to authorize plaintiffs' requested instruction No. 6.

Not so, however, with the *Watson* case, *supra*, where the requested instruction is approved. In that case, the favored driver, the plaintiff, received an adverse verdict, presumably under this instruction, and this court in reviewing the record concluded that the defendant should have been held negligent as a matter of law but that it was not error to give the requested instruction. The

cause was remanded to allow plaintiff a new trial on all issues except that of defendant's negligence.

The requested instruction, though seemingly proper in the *Watson* case, *supra*, now appears to have many faults. We doubt that the jury should be told that the favored driver cannot proceed *blindly* into an intersection, for neither should the disfavored driver.

The instruction starts out in an argumentative vein, and proceeds to express the favored driver's duties argumentatively throughout. Then, too, the word *blindly* is more contentious than descriptive, as is the case with most adverbs when used in instructions. Moreover, we are doubtful if judges ought to tell people how to act in emergencies, by advising them to stop, or to swerve to one side, or over to the other side, according to the dictates of reasonable care. In some cases, prudence might require a driver to accelerate so as to avoid the impact—or even to reverse his car. Proposed instruction No. 6 is not a good candidate for inclusion in a proposed volume of uniform jury instructions, and it was not error for the trial court to refuse it.

(Footnotes omitted.)

■ We think instruction 8 inferentially informs the jury that the plaintiff did not see the defendant's truck and that there is evidence to say that she "blindly drove into the intersection." Mrs. Daniels' testimony clearly indicates that she saw the truck before it entered the intersection and again just before the collision. Further, the instruction seems to be directed to the conduct of the favored driver proceeding into an intersection, and fails to mention the disfavored driver. We believe the time has arrived when this instruction ought to be held improper and prejudicial. We so hold. This instruction being erroneous, it was error for the court to deny plaintiffs' motion for a new trial and to enter a judgment dismissing plaintiffs' claim.

For the reasons hereinbefore stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

JAMES, C. J., and FARRIS, J., concur.