[No. 45-40404-3.    Division Three.    March 17, 1970.]

RICHARD P. MILLER et al., *Respondents,* v. HAROLD McCAMISH et al., *Appellants.*

*Daniel J. Hurson,* for appellants.

*Dean W. Loney* (of *Loney, Westland, Koontz & Raekes*), for respondents.

**REVIEW GRANTED BY SUPREME COURT**

MUNSON, J.—Plaintiffs Richard Miller and wife, seek to recover damages from defendant (McCamish) marital community, for breach of an oral option to purchase defendant's farm. The trial court rendered judgment for plaintiff in the amount of $12,823.27. Defendant appeals.

The trial court, upon disputed evidence, found an agreement whereby: (1) plaintiff would terminate his employment in Spokane and move to defendant's farm in Franklin County, Washington as an employee for a salary of $6,000 per year, $3,000 to be paid in monthly installments of $250 and the remaining $3,000 to be credited to the purchase price of the farm should plaintiff decide at the end of 3 years to purchase same; (2) in the event plaintiff did not purchase the farm at the end of the third year, they would receive back from defendant one-half of the amount being held for their credit; and (3) in addition thereto, defendant agreed to give plaintiff credit towards the farm's purchase price of one-third the net increase in the farm's value over $40,000 (exclusive of the capital improvements made by defendant during the option period). The court further found that the reasonable value of the farm at the time of the breach of the agreement was $77,000 from which a total of $10,070.93 for capital improvements was deducted, thereby resulting in a net increase of $26,929.07, one-third of which is $8,976.36. To this latter figure the court added one-half of the sum of $250 per month for the 31 months of plaintiff's employment, namely $3,875 for total damages of $12,823.27.

There is substantial evidence from which a trial court could make such findings and which this court would sustain but for an error of law.

■ The sole issue before this court is whether a contract, within the statute of frauds and exempted therefrom by part performance, may serve as a basis for an action at law for money damages? We hold in the negative.[1] As

---

[1]Shattuck, *Contracts in Washington, 1937-1957: Part II*, **34** Wash. L. Rev. 345-365 (1959).

stated by the Supreme Court in *Goodwin v. Gillingham,* 10 Wn.2d 656, 663, 117 P.2d 959 (1941), quoting from 59 A.L.R. 1305 (1929):

". . . the doctrine of part performance is purely an equitable doctrine, unrecognized at law, and accordingly will not sustain an action at law based on a contract within the Statute of Frauds."

In *Evans v. Mason,* 82 Ariz. 40, 308 P.2d 245, 65 A.L.R.2d 936, 942 (1957) is found an excellent rationale for this result:

As a general proposition the doctrine of part performance is purely an equitable doctrine, and is not available to sustain an action at law on a contract within the Statute of Frauds. . . . This principle prevails notwithstanding that in this jurisdiction the distinction between law and equity has been abolished. . . . The merger of these divisions of jurisprudence is a procedural one, and the substantive distinctions between equitable and legal remedies remain substantially unchanged. . . . Therefore, the doctrine of part performance would have application in this case only if the facts were such as to warrant equitable relief. Appellee sought damages in an action at law upon the contract, or in the alternative recovery upon a quantum meruit. This makes it clear that the equitable doctrine of part performance is without application, and that further consideration of the circumstances essential to reliance upon it are unnecessary in a disposition of this case.

Plaintiff contends *Hedges v. Hurd,* 47 Wn.2d 683, 289 P.2d 706 (1955) is authority for a money damage remedy under his pleadings. In *Schweiter v. Halsey,* 57 Wn.2d 707, 712, 359 P.2d 821 (1961) the Supreme Court rejected this argument stating:

Appellants cite *Hedges v. Hurd,* 47 Wn. (2d) 683, 289 P. (2d) 706 (1955), in support of the proposition that even though an earnest-money agreement may be insufficient to meet the legal test for specific performance, it can still form the basis for an action for damages for breach thereof.

. . . The rule has no application where the contract fails to satisfy the statute of frauds.

. . .

Since the contract is in violation of the statute of frauds, it is void and cannot form the basis of an action at law to recover damages for the breach thereof, as such an action presupposes a valid contract.

The rule is controlling in this case, in that the contract herein is in violation of the statute of frauds.

■ Plaintiff, before this court, argues that all he is seeking is reasonable compensation for his services. Such a contention was not before the trial court, as evidenced by the record herein, nor is any authority cited in plaintiff's brief, which was filed the day before this matter was heard in this court. This issue, having been raised for the first time on appeal, cannot be considered by this court. *Daniels v. Pacific Nw Bell Tel. Co.*, 1 Wn. App. 805, 463 P.2d 795 (1970).

Defendant admits to owing plaintiff one-half of the retained wages. We find that amount to be $3,875. Judgment is reversed and the cause remanded to the trial court with instructions to enter judgment in the amount of $3,875.

EVANS, C. J., and GREEN, J., concur.