[No. 130-3. Division Three. October 14, 1970.]

THEODORE EBERLE et al., Respondents, v. J. F. SUTOR et al., Defendants, LLOYD HUSS, Appellant.

James O. Neal, for appellant.

Darrell E. Ries (of Ries & Kenison), for respondents.

John E. Calbom, for Columbia Bean & Produce Co., Inc.

GREEN, J.—Plaintiffs, Theodore and Margarite Eberle, brought this action against defendants, J. F. Sutor and Columbia Bean & Produce Co., Inc., to recover rent in the amount of $6,840. A judgment was entered for Eberles

against defendants and a number of third-party defendants, among whom was Lloyd Huss. Huss appeals.

John and Marlene Unruh owned a farm in Grant County, Washington. On April 5, 1967, Unruhs leased the farm to Sutor for an annual cash rental of $6,840. The lease was recorded May 25, 1967. Eberles purchased the farm, succeeding to Unruhs' interest in the Sutor lease. On April 7, 1967, Sutor executed a crop mortgage in favor of Columbia Bean covering all crops grown during 1967 on the leased land. It was filed on April 11, 1967. Under the terms of the crop mortgage, Columbia Bean advanced $7,991.78 to Sutor between April 10, 1967 and November 12, 1967.

The record shows Sutor failed to pay the rent and was in default. Eberles claim when their lease was recorded they obtained a landlord's lien on the crops grown on the premises; Columbia Bean purchased crops from Sutor in excess of the lien; and Columbia Bean having sold the crops was liable for the unpaid rent. Columbia Bean answered, admitting the purchase of crops but denied liability and filed a third-party complaint against Quincy Processors, Inc., Blaine Brown and Lloyd Huss. It alleged the third-party defendants were liable to plaintiffs; or in the alternative, any judgment in favor of plaintiff and against Columbia Bean should be apportioned among the third-party defendants.

During the 1967 crop season, Sutor sold mortgaged hay to Huss for $3,362.80. After deducting his harvesting expenses, Huss paid $275 to Columbia Bean and wrote a check payable to Sutor and Columbia Bean for the balance of $986.30. Sutor also sold mortgaged wheat to Quincy Processors for $665.95 and mortgaged hay to Blaine Brown for $170.37.

Upon trial, tenders by Blaine Brown of $170.37 and Quincy Processors of $665.95 were accepted; the court ordered their dismissal. Since Sutor and Columbia Bean never negotiated the check for $986.30, Huss tendered this sum into court and moved for dismissal. This motion was denied. Following trial, judgment was entered for Eberles

against Columbia Bean for $1,543.15; and Huss for $3,087.80.

First, Huss contends the trial court erred in entering judgment against him for the reason that Eberles failed to allege a claim against him in their original complaint. He contends the only issue joined by the pleadings as to him was with the third-party plaintiff, Columbia Bean. Consequently, a judgment entered in these circumstances was improper, citing 3 J. Moore, Federal Practice 14.15, 14.16 (2d ed. 1968); *National Mut. Ins. Co. v. Liberty Mut. Ins. Co.*, 196 F.2d 597 (D.C. Cir. 1952); *McPherson v. Hoffman*, 275 F.2d 466 (6th Cir. 1960).

On the other hand, Eberles contend that, since Columbia Bean's third-party complaint alleged that if Eberles prevailed against them, Huss would be liable to Eberles and/or Columbia Bean, issue is joined between Eberles and Huss. They rely on *Lommer v. Scranton-Spring Brook Water Serv. Co.*, 4 F.R.D. 104 (M.D. Pa. 1944); *Atlantic Coast Line R.R. v. United States Fidelity & Guar. Co.*, 52 F. Supp. 177 (M.D. Ga. 1943).

■ Third-party practice is governed by CR 14, Washington court rules, adopted by the Supreme Court in 1967. It was taken from rule 14, Federal Rules of Civil Procedure and is in substantially the same language. Where a federal rule has been adopted as the state rule, the construction of the former should be applied to the latter. 71 Wn.2d xvii, xxiv. Therefore, the construction of rule 14, Federal Rules of Civil Procedure, at the time CR 14 was adopted is pertinent.

■ Eberles' contention that *Lommer* and *Atlantic Coast Line R.R.* are controlling in support of the trial court's judgment is without merit because Fed. R. Civ. P. 14 was subsequently amended. Originally, rule 14 allowed a defendant to implead by third-party complaint:

> . . . a party to the action who is or may be liable to him *or to the plaintiff* for all or part of the plaintiff's claim . . .

(Italics ours.) The amendment in 1948 removed the itali-

cized words. Thereafter, courts construing rule 14 have held a defendant cannot implead a third-party defendant upon the ground that such third party is or may be liable to the plaintiff. *National Mut. Ins. Co., supra; McPherson v. Hoffman, supra.* Rule 14, as amended, allows a defendant to implead a third party only when such third party "is or may be liable to the defendant." *Hume v. Trapp,* 20 F.R.D. 91 (S.D. Ind. 1957); *Fong v. United States,* 21 F.R.D. 385 (N.D. Cal. 1957); *Murtagh v. Phillips Waste Oil Pick-Up & Road Oiling Serv. Inc.,* 17 F.R.D. 495 (E.D. Mich. 1955); *Higgins v. Shenango Pottery Co.,* 12 F.R.D. 510 (W.D. Pa. 1952); 3 J. Moore, Federal Practice (2d ed. 1968) *supra.* Therefore, Eberles' contentions, while valid prior to 1948, are not valid today.

 CR 14 does provide that

> [A] plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.

While Eberles did not move to amend their complaint to assert such claim, they contend the pleadings should be deemed amended to conform to the evidence under CR 15. We disagree. CR 15 provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his

action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Huss throughout the trial contended the pleadings raised no issue with Eberles and persistently objected to any contrary inferences. By reason thereof, it cannot be said any issue between Eberles and Huss was "tried by express or implied consent" of the parties. Since Eberles made no motion to amend and the court entered no order allowing an amendment, rule 15 is not applicable. Because issue was never joined between them, it was error to enter judgment against Huss. Therefore, we remand the case with leave to consider whether findings of fact, conclusions of law and judgment should be entered in favor of plaintiff against Columbia Bean and judgment upon Columbia Bean's third-party complaint against Huss for $3,087.80.

■ Second, Huss argues the trial court should have granted its motion to dismiss the third-party complaint upon the ground it failed to state a cause of action. It is asserted Columbia Bean's complaint sought contribution from Huss without first alleging payment of a joint obligation, and further, contribution does not lie between joint tort-feasors. It is also contended no proof was offered that Eberles succeeded to Unruhs' interest in the Sutor lease. (It is noted this fact was admitted by Columbia Bean in their answer to the Eberle complaint.) These theories were not presented to the trial court and may not be raised for the first time on appeal. *Daniels v. Pacific Northwest Bell Tel. Co.*, 1 Wn. App. 805, 463 P.2d 795 (1970); *Amsbury v. Cowles Publishing Co.*, 76 Wn.2d 733, 458 P.2d 882 (1969). Our review of this record discloses they are without merit in any event.

■ Third, Huss claims the trial court erred in failing to dismiss him after he tendered $986.30 into the registry of the court. This assignment of error is based upon a contention the evidence at trial failed to prove a cause of action. It is argued Columbia Bean received crops from Sutor in excess of the crop mortgage; the mortgage was thereby

extinguished; since Huss took delivery of hay after the mortgage was extinguished, the hay was free of the mortgage lien; and hence, no cause of action was stated or proved by Columbia Bean on its third-party complaint and it should have been dismissed. We disagree. The parties to this appeal do not dispute that Eberles had a landlord's lien on all of the crops grown by Sutor on land covered by the lease. When Columbia Bean received crops from Sutor, they were subject to the landlord's lien. If the trial court determines the landlord's lien has priority over the crop mortgage, Columbia Bean should be required to pay Eberles the amount of their lien, the crops having been sold. In these circumstances, the mortgage was not satisfied; the mortgage lien was in effect. When Huss bought hay from Sutor, he bought hay subject to the mortgage of Columbia Bean; he was liable to the extent the value of the hay did not exceed the mortgage balance.

Fourth, it is argued RCW 60.12.040, 60.12.080 apply to a landlord's lien and required Eberles to commence their action to foreclose the lien within 8 months. The record shows the Eberle action against Columbia Bean and Sutor was commenced less than 8 months after default. Therefore, it is unnecessary to decide whether these statutes apply. Columbia Bean's claim against Huss is based upon the former's mortgage lien, not upon the landlord's lien.

Judgment is reversed and remanded for further proceedings in accordance with this opinion.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied November 20, 1970.