[No. 42202. En Banc. August 10, 1972.]

HUGH W. HARDING *et al., Respondents and Cross-appellants*, v. OSCAR K. WILL *et al., Respondents and Cross-appellants*, GEORGE L. SCHAFER *et al., Appellants*.

*Benn R. Agor*, for appellants.

*Ramon E. Brown* (of *Brown & Oswald*), for respondents.

UTTER, J.—George Schafer appeals a decree of specific performance on a real estate contract, as well as an award against him of attorney's fees and a real estate commission.

This is a case where the parties and issues were in an entirely different alignment at the conclusion of the trial than they were at the beginning.

The two issues presented are: (1) Was it error for the trial court to grant direct recovery against one joined initially by the original defendant as an additional party to a counterclaim? (2) Did the court below err in setting aside an agreement which purported to be a compromise and settlement of a dispute between appellant and respondent? We find no error and affirm the trial court.

Hugh Harding, assignor of a lease interest in a nursing home, brought this action against Oscar Will and Glen Olels, realtors, to recover damages which allegedly resulted when Olels prematurely delivered a signed acceptance of an earnest money agreement to George Schafer, the purported agent of a corporation which was to be the assignee of the lease.

The complaint alleged that the defendant realtors failed to secure permission from the owner of the subject property prior to delivery of the acceptance. As a result, Harding became bound on a contract which he could not perform. The complaint further alleges that the owner of the leasehold agreed to the assignment of the lease only after Schafer, purported agent of the assignee corporation, agreed to assume personal liability on the assignment. It is further alleged that Schafer did agree to assume personal liability, but only after a substantial reduction in the price of the assignment. This reduction formed the basis of Harding's prayer for damages.

The realtors, Will and Olels, counterclaimed to recover their commission and joined Schafer and the corporation he purported to represent as third-party defendants to the counterclaim.

The case was heard without a jury. The court found that the corporation which Schafer purported to represent did not exist during any time material to the agreement to assign the lease, a fact known to Schafer but not known to the other parties. It further found that Schafer knew of the

necessity to obtain the owner's permission prior to the lease assignment and had agreed to personally assume liability on the assignment if necessary to secure the owner's consent.

On the basis that the issues and the status of the parties as set forth in the pleadings, did not conform to the evidence as presented, the trial judge proceeded to realign both parties and issues.

Harding, the assignor of the lease, was continued as plaintiff. Will and Olels, the realtors, were dismissed as defendants. Schafer, the purported agent, was substituted as a defendant to Harding's claim. The court found Schafer personally bound as assignee of the lease subject to the original agreement because he held himself out to be an agent for a nonexistent corporation.

The second agreement, in which Schafer agreed to personally assume liability for the lease assignment on condition that Harding agree to a reduced price on the original agreement, was set aside by the court on four alternative grounds: (1) that there was mutual mistake by the parties as to their rights under the previous agreement; (2) there was no consideration for the second agreement since Schafer had not agreed to do anything he was not bound to do already; (3) there was a mistake of material fact, namely, the existence of the corporation which Schafer purported to represent, which mistake was the result of Schafer's intentional or negligent misrepresentation; (4) enforcement of the second agreement against Harding would be cause for an unconscionable and inequitable result. In addition, Schafer was found liable for attorney's fees and for the commission of the realtors, Will and Olels.

After considerable argument, the court allowed Harding to amend his pleadings to conform to the evidence and reopened the trial to allow presentation of further evidence. After three more days of trial, the original judgment was reinstated.

Schafer's assignments of error fall into two categories. He first contends that when a defendant to one cause of

action joins a third party as third-party defendant to a counterclaim, the court may not grant the plaintiff direct recovery against the third-party defendant.[1] It is next contended the court erred in setting aside the second agreement and in holding Schafer liable on the first inasmuch as the second agreement was a compromise between the parties.

The first issue presented can be divided into three parts. (1) At the conclusion of the trial, may the court, pursuant to CR 15, change the status of one who began the action as an additional defendant, on a counterclaim joined pursuant to CR 13(h), to the status of defendant to the original plaintiff? (2) May one cause of action be substituted for another? (3) May judgment be granted against the new defendant on the new cause of action?[2]

If the trial court has power to proceed, as it did, to

---

[1] Clarity requires understanding Schafer's status under the original pleadings.

Nowhere in the record is it clear which civil rule was used to join Schafer to the action originally. All parties apparently assume Schafer was joined pursuant to CR 14(a) as a third-party defendant. Under the facts presented, Schafer originally would have been properly joined pursuant to CR 13(h).

The outcome of this case will not be affected by the question of whether Schafer should have been joined under CR 14(a) or 13(h) since the lower court will be sustained upon any ground within the proof. *Northwest Collectors, Inc. v. Enders,* 74 Wn.2d 585, 446 P.2d 200 (1968). However, as will be seen, analytic precision will be aided if Schafer's original status is accurately labeled.

The two rules, 14(a) and 13(h), are quite different in purpose and effect. CR 14(a) deals exclusively with the addition of third parties who may be liable to the third-party plaintiff for part or all of his liability to the original plaintiff.

On the other hand, CR 13(h) authorizes courts to join additional persons in order to adjudicate a defendant's counterclaim or cross claim. 6 Wright and Miller, Federal Practice and Procedure, § 1434 (1971).

[2] CR 13, 14 and 15 are taken from their like numbers in the Federal Rules of Civil Procedure and are substantially the same. Where a federal rule is adopted as the state rule, the construction of the former should be applied to the latter. 71 Wn.2d xvii, xxiv. Construction of rules 13, 14 and 15, Federal Rules of Civil Procedure, is, therefore, useful in resolving the present problem. *Eberle v. Sutor,* 3 Wn. App. 387, 475 P.2d 564 (1970).

realign issues and parties, that power is found in CR 15(b).[3]

■ CR 15(b) is applicable in general terms to those occasions when the course of the trial departs so materially from the image of the controversy pictured in the pleadings that it becomes necessary to adjust the pleadings to reflect the case as it was actually litigated in the courtroom. 6 Wright and Miller, Federal Practice and Procedure, § 1491 (1971). CR 15(b) is designed to avoid the tyranny of formalism that was a prominent characteristic of former practice and to avoid the necessity of a new trial which often follows a deviation from the pleadings. *Rosden v. Leuthold,* 274 F.2d 747 (D.C. Cir. 1960); *Falls Indus., Inc. v. Consolidated Chem. Indus., Inc.,* 258 F.2d 277 (5th Cir. 1958); *Trantham v. Canal Ins. Co.,* 117 F. Supp. 241 (E.D. Tenn. 1953), *aff'd per curiam,* 220 F.2d 752 (6th Cir. 1955).

This court has stated that an underlying purpose of CR 15(b) is to avoid a multiplying of lawsuits. *O'Kelley v. Sali,* 67 Wn.2d 296, 407 P.2d 467 (1965).

To specifically apply CR 15(b) to the instant case, it is clear that under CR 15(b) pleadings may, in the discretion of the trial court, be amended to conform to the evidence at the conclusion of a trial, indeed even after judgment. CR 15(b) allows a new cause of action, tried without objection, in the discretion of the trial court to be a basis for recovery. *Strand v. Librascope, Inc.,* 197 F. Supp. 743 (E.D.

---

[3]CR 15(b) "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Mich. 1961); *Nester v. Western Union Tel. Co.,* 25 F. Supp. 478 (S.D. Cal. 1938), *aff'd on other grounds,* 106 F.2d 587 (9th Cir. 1939), *rev'd on other grounds,* 309 U.S. 582, 84 L. Ed. 960, 60 S. Ct. 769 (1940).

 A trial court in its discretion may, pursuant to CR 15(b), change the status of a third-party defendant, brought in by the original defendant pursuant to CR 14(a), to that of defendant to the original plaintiff and may grant recovery against him. *Wasik v. Borg,* 423 F.2d 44 (2d Cir. 1970); *Falls Indus., Inc. v. Consolidated Chem. Indus., Inc.,* 258 F.2d 277 (5th Cir. 1958).

The reasoning of *Falls Indus., Inc.* and *Wasik* which allows change of status and recovery against third parties joined pursuant to CR 14(a) is applicable to persons joined pursuant to CR 13(h), as in the present case, unless it can be shown that there is prejudice to the parties.

 CR 13(h) is to be construed liberally to dispose of an action in its entirety and to grant complete relief to all parties before the trial court. 6 Wright and Miller, Federal Practice and Procedure, § 1434 (1971).

A court may amend the pleadings to realign parties and issues as was done here. However, amendment under CR 15(b) cannot be allowed if actual notice of the unpleaded issue is not given, if there is no adequate opportunity to cure surprise that might result from the change in the pleadings, or if the issues have not in fact been litigated with the consent of the parties. *Kuhn v. Civil Aeronautics Bd.,* 183 F.2d 839, 841 (D.C. Cir. 1950).

The record here shows no prejudice to Schafer. All issues were adequately litigated during the 3 days of trial subsequent to the amendment of the pleadings and realignment of the parties. There is no indication that defendant needed further time to prepare. No continuance for that purpose was requested. When the second portion of the trial commenced, the attorney for the defense announced he was ready.

Absent a showing of surprise or prejudice, it is not error for a trial court upon perceiving both the issues and parties

before it to be other than as pleaded, to realign parties and redefine issues pursuant to CR 15(b).

Appellants further assign as error the setting aside of the January 1968 agreement between Harding and Schafer. They do this on several grounds, the chief being that the agreement was a compromise and settlement of a bona fide dispute occasioned by Harding's inability to perform his agreement. Appellants contend the burden of proof necessary to overcome a general settlement must be clear, cogent and convincing.

A compromise is a settlement of a disputed claim by mutual concession to avoid a lawsuit. *Newsom v. Miller*, 42 Wn.2d 727, 258 P.2d 812 (1953). Compromise and settlement is a subcategory of the more inclusive term "accord and satisfaction". It differs from the latter in that any claim whether disputed, unliquidated or undisputed and liquidated may be discharged by an accord and satisfaction, but only a disputed or unliquidated claim may be the basis for a compromise. 15 Am. Jur. 2d *Compromise and Settlement* § 2 (1964).

■ A settlement is supported by sufficient consideration when there is a bona fide claim which is unliquidated, disputed or doubtful. *United Truck Lines, Inc. v. Employers Mut. Cas. Co.*, 44 Wn.2d 520, 268 P.2d 1014 (1954). Compromises are favored in the law. *Rogich v. Dressel*, 45 Wn.2d 829, 278 P.2d 367 (1954).

Sufficient consideration to support a compromise and settlement may exist even though the defense or claim actually does not exist in law or fact since so rigorous a standard would discourage compromises. Shattuck, *Contracts in Washington*, 34 Wash. L. Rev. 24, 64 (1959). However, sufficient consideration requires more than the bald assertion by a claimant who has a claim. We have held that such claims must be made in good faith. *Opitz v. Hayden*, 17 Wn.2d 347, 135 P.2d 819 (1943).

The trial court found that at the time of the formation of the June 30, 1967 earnest money agreement, Schafer had promised to personally assume liability on the leasehold, if

necessary. It also found, on the basis of undisputed testimony, that the corporation Schafer purported to represent at the time of the June 30, 1967 earnest money agreement did not exist.

The court then concluded Harding entered the January 1968 agreement due to a mistaken belief that the corporation for which Schafer purported to act was in existence at the time of the prior agreement. This mistake was the result of Schafer's intentional or negligent misrepresentation. Enforcement of the January 1968 agreement against Harding was held to be unconscionable and inequitable.

These findings, amply supported by the record, compel the conclusion that Schafer had no good faith claim against Harding in law or fact which the January 1968 agreement could compromise or settle.

The January 1968 agreement was not supported by consideration. There was no good faith claim giving rise to a valid dispute, the settlement of which would constitute consideration for a compromise and settlement.

Schafer was properly held liable on the first contract as an agent representing a nonexistent principal.

> The general rule is that where a corporation is contemplated but has not yet been organized at the time when a promoter makes a contract for the benefit of the contemplated corporation, the promoter is personally liable on it, even though the contract will also benefit the future corporation.

*Refrigeration Eng'r Co. v. McKay*, 4 Wn. App. 963, 972, 486 P.2d 304 (1971). *See also, True's Oil Co. v. Keeney*, 76 Wn.2d 130, 455 P.2d 954 (1969); *White & Bollard, Inc. v. Goodenow*, 58 Wn.2d 180, 361 P.2d 571 (1961).

Judgment is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and WRIGHT, JJ., concur.