FILED
COURT OF APPEALS
DIVISION II

2013 AUG 13 AM 10: 30

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GARRETT DELABARRE and AMY DELABARRE, husband and wife,<br><br>Respondents,<br><br>v.<br><br>STUART McCOLL, a single person,<br><br>Appellant,<br><br>And<br><br>LAKESUTHERLANDREALTY.COM, INC., ,<br><br>Defendant. | No. 43882-8-II<br><br>UNPUBLISHED OPINION |

BJORGEN, J.—Stuart McColl appeals the trial court's entry of a permanent injunction preventing him from using a deck owned by Garret and Amy Delabarre (the Delabarres), arguing that injunctive relief exceeds the remedy sought in the Delabarres' pleadings. We affirm.[1]

## FACTS

McColl, the owner of lot 21, and the Delabarres, the owners of lot 20, are neighbors. Both parties purchased property from a common owner, Carol Polhamus, who had built a house on lot 20 that extended over the property line onto lot 21. When Polhamus conveyed lot 21 to McColl, the deed reserved an easement for the encroaching portion of the preexisting home.

In November 2011, McColl prepared to build a fence that would immediately abut the Delabarres' house. On December 1, 2011, the Delabarres filed a suit to allow them unencumbered access to the encroaching portion of their house for external maintenance.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

McColl sought discovery about whether there was fraud in the execution of the deed he received on lot 21. A superior court commissioner limited McColl's discovery to the relevant issues of the "width and scope" of the reserved easement, and McColl filed a motion to revise that ruling.

While that motion was pending, McColl started to build the fence and the Delabarres moved for a temporary restraining order (TRO) on April 12, 2012. Garret Delabarre submitted a declaration in support of the TRO that included as an exhibit a photograph of McColl on the Delabarres' deck. McColl responded by letter to the Delabarres' counsel that he had a right to use the deck because it was the subject of a "[n]on-[e]xclusive [e]asement." Clerk's Papers (CP) at 127. McColl made the same assertion in a declaration he filed in opposition to the TRO. The court issued a preliminary injunction preventing McColl from accessing the Delabarres' house and improvements, presumably without the Delabarres' permission.

McColl unsuccessfully sought a continuance on May 15, 2012, urging the trial court to grant his motion to revise the commissioner's discovery ruling and continue the trial date to allow him to depose Mark DeRousie, the realtor who sold both properties. The case was tried on May 29, 2012.

Both parties submitted trial memoranda on the issue of a nonexclusive easement and whether such an easement allowed McColl to use the Delabarres' deck. Carol Pacheco, the personal representative of Polhamus's estate, testified that the easement was never intended to allow the owner of lot 21 to use the encroaching deck.

The trial court ruled in favor of the Delabarres. It set a maintenance easement of 3.5 feet from the encroaching improvements and permanently enjoined McColl from using the encroaching improvements for any purpose other than maintenance of his lot.

ANALYSIS

McColl argues that the trial court's injunctive relief exceeds the remedy requested in the Delabarres' original complaint. The Delabarres concede that they did not initially request an injunction, but respond that CR 15(b)[2] allows for issues not raised in the pleadings to be tried by express or implied consent of the parties.

A.    Standard of Review

McColl challenges only the trial court's order granting a permanent injunction and not the easement boundaries the court set. Injunctive relief is an equitable remedy, and we review the trial court's decision to grant an injunction and the terms of that injunction for abuse of discretion. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000); *Steury v. Johnson*, 90 Wn. App. 401, 405, 957 P.2d 772 (1998).

B.    CR 15(b) Amendments

The core of CR 15(b) is in its opening statement: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they will be treated in all respects as if they had been raised in the pleadings." *See also Karlberg v. Otten*, 167 Wn. App. 522, 280

---

[2] CR 15(b) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

3

P.3d 1123 (2012); *Dewey v. Tacoma Sch. Dist. No. 10*, 95 Wn. App. 18, 26, 974 P.2d 847 (1999). However, a party who does not plead a cause of action "'cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along.'" *Karlberg*, 167 Wn. App. at 530 (quoting *Dewey*, 95 Wn. App. at 26).

> In determining whether the parties impliedly tried an issue, we examine:
>
> the record as a whole, including whether the issue was mentioned before the trial and in opening arguments, the evidence on the issue admitted at trial, and the legal and factual support for the trial court's conclusions regarding the issue.

*Karlberg*, 167 Wn. App. at 530-31. "Absent a showing of surprise or prejudice, it is not error for a trial court upon perceiving both the issues and parties before it to be other than as pleaded, to realign parties and redefine issues" under CR 15(b). *Harding v. Will*, 81 Wn.2d 132, 137, 500 P.2d 91 (1972).

Here, the parties addressed an injunction and the underlying legal issue of the purpose of a nonexclusive easement when the Delabarres requested the TRO and in trial briefing. Although the record of proceedings for the trial is not in the record on appeal, the trial court permitted testimony regarding use of the encroaching improvements by the owner of lot 21. These actions show that McColl impliedly consented to trial on the issue of whether he should be permitted to use the Delabarres' deck.

McColl additionally argues that the trial court prejudiced him when it denied his request for a continuance to permit discovery related to the injunction as a "new cause of action." Reply Br. of Appellant at 2; *see MacCormack v. Robins Const.*, 11 Wn. App. 80, 83, 521 P.2d 761 (1974) (CR 15(b) permits trial on a new issue so long as any objecting party is allowed sufficient time to prepare his case). McColl, however, did not request a continuance to allow him time to

No. 43882-8-II

develop the injunction issue. He requested a continuance to allow factual development of the fraud issue that the superior court commissioner previously rejected as irrelevant.

In sum, our review of the record shows that McColl impliedly consented to trial of the claim for an injunction and was not prejudiced by the de facto amendment of the pleadings to include the injunction issue. *Harding*, 81 Wn.2d at 137-38. Accordingly, CR 15(b) permitted the trial court to enter a permanent injunction against McColl despite the fact that the Delabarres' pleadings did not request an injunction.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

QUINN-BRINTNALL, J.

JOHANSON, A.C.J.

5