
FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JUL -9 AM 8: 28

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DOUGLAS ZAHN, )
            ) No. 76177-3-I
              Respondent, )
            ) DIVISION ONE
          v. )
            ) UNPUBLISHED OPINION
ZAHN, LLC, a Washington limited liability )
company, )
            )
              Appellant )
            )
          v. )
            )
CHRISTINE ZAHN, )
            )
              Third Party. ) FILED: July 9, 2018
            )

APPELWICK, C.J. — Zahn LLC appeals a summary judgment awarding Douglas Zahn default interest on breach of a promissory note. Zahn LLC argues that the trial court abused its discretion in granting Douglas's motion to amend his complaint. It also argues that Douglas's breach of the noncompete provision in a related settlement agreement excused its own default. And, Zahn LLC argues that Douglas did not provide an effective notice of default to accelerate the loan to trigger the accrual of default interest, and default interest terminated when he cured default under the deed of trust. We affirm.

## FACTS

In 2012, Zahn LLC[1] and Douglas Zahn settled a lawsuit. Zahn LLC agreed to pay Douglas[2] $320,000 by a promissory note, secured by a deed of trust in real property. In a noncompete clause, Douglas agreed to not own or operate an adult social club in Washington.

On February 1, 2013 Zahn LLC executed a $320,000 promissory note (Note) payable to Douglas. Zahn LLC secured the Note by granting Douglas a deed of trust in the property. The Note required Zahn LLC to pay Douglas the amount in full when the property was sold, transferred, or if the trusts were terminated. Zahn LLC agreed in the deed of trust:

> To pay all lawful taxes and assessments, general or special, including assessments dues and charges of any kind, nature and description which shall be levied or assessed on the Property . . . and to keep the property free and clear of all other charges, liens or encumbrances impairing the security of this Deed of Trust.

If Zahn LLC defaulted under the deed of trust and did not cure within 30 days, the Note instructed: "all sums secured [by the deed of trust] shall immediately become due and payable at the option of [Douglas] and shall accrue default interest at the rate of Eighteen Percent (18%) per annum."

Douglas alleges that he delivered a default notice to Zahn LLC on May 8, 2013. In the notice, he asserted that Zahn LLC had not paid (1) the mortgage

---

[1] Zahn LLC is a Washington limited liability company comprised of three family trusts, all managed by Norbert Zahn. Zahn LLC owned property in Everett, Washington. On this property, known as "The Manor," Zahn LLC operated an adult social club.

[2] We use Douglas Zahn's first name for clarity.

2

payment due on March 30, 2013 to Banner Bank,[3] (2) property taxes owed on the February 1, 2013 deed of trust, and (3) $10,000 owed to Debbie Morton under the settlement agreement. The notice also stated,

> Failing your full cure of defaults by June 7, 2013, Douglas Zahn intends to proceed with collection and reserves all collection rights and remedies under the foregoing documents, including, without limitation acceleration and imposition of Default Rate interest at 18.00% per annum.

On June 14, 2013, Banner Bank served a notice of default on Zahn LLC. Banner Bank alleged that Zahn LLC failed to pay timely property taxes for 2012 and 2013, and failed to pay regular monthly payments on the Note.

Douglas served Zahn LLC a notice of default, under chapter 61.24 RCW (deed of trust act), on June 28, 2013. The notice alleged that Zahn LLC was in default of the same three obligations that the May 8 notice alleged. The notice stated,

> Failure to cure said alleged default within 30 days of the mailing of this notice, or if personally served, within 30 days of personal service thereof, may lead to recordation, transmittal and publication of Notice of Trustee's Sale. . . . Such failure to cure said alleged default shall also result in acceleration of the entire unpaid principal amount owing under the Note, and interest on such accelerated amount shall accrue interest at eighteen percent (18%) interest until paid in full.

On August 14, 2013, Douglas recorded a notice of trustee's sale, stating that Zahn LLC owed the Note's entire balance of $320,000 plus interest, and that "[i]nterest continues to accrue on the principal balance at a rate of 18% per annum."

---

[3] Banner Bank was in the first lien position on the property under a deed of trust with Zahn LLC from 2009.

On August 23, 2013, Douglas initiated a breach of contract action against Zahn LLC. In his complaint, Douglas asked the court (1) to appoint a receiver to take possession and control of Zahn LLC, (2) for a judgment of $332,981.79 as of August 13, 2013 plus interest at 18 percent per annum thereafter, and (3) to award attorney fees and costs. On October 31, Douglas recorded a second notice of trustee's sale, listing February 14, 2014 as the sale date. Both parties moved for summary judgment. The court denied both motions.

Zahn LLC sold the Everett property on June 16, 2015. Before the sale, Douglas submitted a payoff demand for $490,431.75 to the escrow agent. Zahn LLC refused to pay Douglas's payoff demand. Zahn LLC argued that, because it settled with Banner Bank on December 17, 2013, Douglas could only charge default interest from August 13, 2013 to December 17, 2013, the period of the default as to Banner Bank.

Zahn LLC filed an amended answer to the complaint, counterclaiming that Douglas conspired with his wife, Christine, to violate the noncompete clause in the settlement agreement. Both parties again moved for summary judgment on all claims.

During the summary judgment hearing, Douglas orally moved to amend the complaint to change the notice of default date from June 28, 2013, the deed of trust default notice, to May 8, 2013, the note default notice. The court granted the motion. The court then granted Douglas's motion for summary judgment, ordering Zahn LLC to pay the principal owed on the Note, interest that accrued at 4.75 percent on the unpaid principal from February 1, 2013 to June 7, 2013, and interest

4

that accrued at 18 percent on the unpaid principal from June 8, 2013 until the judgment date.

Zahn LLC moved twice for reconsideration. The court substantively denied both motions.[4] Zahn LLC appeals.

## DISCUSSION

Zahn LLC makes three arguments. First, it argues that the trial court erred in granting Douglas's oral motion to amend the complaint. Second, it argues that its default under the deed of trust was excused by Douglas's breach of the noncompete clause in the settlement agreement. Third, it argues that both Douglas's June notice of default and May notice of default were ineffective to accelerate the unpaid balance and trigger default interest. Both parties request attorney fees and costs on appeal.

The standard of review on appeal of a summary judgment order is de novo; the appellate court conducts the same inquiry as the trial court. Mahoney v. Shinpoch, 107 Wn.2d 679, 683, 732 P.2d 510 (1987). Summary judgment is proper where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Hertog, ex rel. S.A.H. v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). We consider the facts and reasonable inferences from the facts in the light most favorable to the nonmoving party. Id.

---

[4] The court granted in part Zahn LLC's first motion, but only to correct language contrary to law and to replace it with more precise language in line with the court's intent. Otherwise, it substantively denied Zahn LLC's motion to reconsider.

I.    Motion to Amend Complaint

Zahn LLC argues that the trial court erred in granting Douglas's motion to amend his complaint. Its sole argument is that it was prejudiced when the court allowed Douglas to amend the complaint, to use the date Douglas provided notice of default as May 8, 2013 instead of June 28.

This court reviews a decision to grant leave to amend the pleadings for a manifest abuse of discretion. Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). The trial court's decision will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. Id.

Under CR 15(b), pleadings may, in the discretion of the trial court, be amended to conform to the evidence at the conclusion of a trial, indeed even after judgment. Harding v. Will, 81 Wn.2d 132, 136, 500 P.2d 91 (1972). Absent a showing of surprise or prejudice, it is not error for a trial court upon perceiving both the issues and parties before it to be other than as pleaded, to realign parties and redefine issues pursuant to CR 15(b). Id. at 137-38.

Zahn LLC attached the May 8, 2013 letter as an exhibit to its motion for summary judgment filed on April 18, 2016. Thus, Zahn LLC knew of, and cited to, the May 8 letter well before the summary judgment hearing on August 5, 2016 when Douglas moved to amend his complaint. Zahn LLC cannot demonstrate surprise or prejudice to defending the motion from the change of the notice of default date. It was perhaps prejudiced by becoming liable for an additional two months of default interest based on the earlier notice, but that is not the prejudice

the rule contemplates, which is not having adequate time to respond to the opposing party. Id. at 137 (holding that amendment to pleadings does not prejudice defendant, where all issues were adequately litigated and there was no indication defendant needed further time to prepare). The complaint as amended proceeded on the basis that the May 8 notice triggered default interest.

The trial court did not abuse its discretion in granting Douglas's motion to amend the complaint.

## II.    Breach of Noncompete

Zahn LLC also argues that Douglas's breach of the noncompete agreement excused its default under the deed of trust. The trial court found that Douglas's breach of a promise in the settlement agreement did not excuse Zahn LLC's nonperformance under the deed of trust, stating,

> Here, no words were used to show an intent that performance of covenants in the Deed of Trust was conditioned upon of [sic] performance of the noncompete portion of the Settlement Agreement. Therefore, [Douglas]'s breach of the noncompete did not excuse [Zahn LLC]'s failure to pay lawful taxes.

A condition precedent is an event occurring after the making of a valid contract which must occur before a right to immediate performance arises. Jones Assocs., Inc. v. Eastside Props., Inc., 41 Wn. App. 462, 466, 704 P.2d 681 (1985). The nonoccurrence of a condition prevents the promisee from acquiring a right or deprives him of one, but does not subject him to liability. Id. By contrast, the breach of a promise subjects the promisor to liability for damages, but does not necessarily discharge the other party's duty of performance. Id. In Jones, this court found that a provision in a contract was a promise rather than a condition

7

precedent, because there were no words in the contract that indicated that the parties' intended to create a condition. Id. at 466-67.

Similarly, here, the settlement agreement does not condition Zahn LLC's payment upon Douglas's compliance with the noncompete provision. The agreement states, "Zahn LLC, Norbert Zahn, and/or the Trusts shall pay to Douglas Zahn the sum of $320,000. This sum shall evidenced [sic] by a promissory note and secured by deed of trust on the property plus interest." It also states, "Douglas Zahn agrees that he will not remain or become an owner, shareholder, manager, employee, or consultant of/or for any entity engaged in the business of operating an Adult Social Club operating within the State of Washington." There are no words or phrases that indicate an intent to create a condition, such as "provided that," "on condition," "when," "so that," "while," "as soon as," or "after." See id. at 467. Where it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise. Id. Thus, the settlement agreement's noncompete provision is not a condition precedent to Zahn LLC's performance under the Note and deed of trust.

Because the noncompete provision was not a condition precedent, Douglas's community interest in his wife's adult social club, if it was a breach of the noncompete clause, does not excuse Zahn LLC's default under the deed of trust.

III.    Interest Under the Deed of Trust

Zahn LLC claims that Douglas did not adequately accelerate the Note in either of his notices of default, and therefore Douglas could not charge default

interest. Douglas responds that he did not need to accelerate the Note to charge default interest, because acceleration affects the maturity date, not a lender's right to interest.

Where interest is reserved expressly in the contract, or is implied by the nature of the promise, it becomes part of the debt, and is recoverable as a matter of right. Farm Credit Bank of Spokane v. Tucker, 62 Wn. App. 196, 201, 813 P.2d 619 (1991).

In its Second Amended Memorandum Decision and Order, the trial court addressed Zahn LLC's arguments,

> [Zahn LLC] argues, that even if the Deed of Trust was violated by the default of the Banner Bank loan, such that default interest accrued on [Douglas]'s Deed of Trust, the reinstatement of the Banner Bank obligation caused the interest rate to return to the contract rate. The parties agree that [Zahn LLC] was in default on a senior loan to Banner Bank, and that more than six months later [Zahn LLC] then cured its default on the Banner Bank loan. [Zahn LLC]'s argument is based on RCW 61.24.090(1)(a), which prohibits acceleration of a loan before the eleventh day preceding a trustee sale and permits the debtor to cure by paying the amount due had no default occurred. [Zahn LLC] argues it cured the default of the Banner Bank loan and therefore was not obliged to continue paying default interest, rather only the contracted rate, from that time forward.

> The statute (RCW 61.24.090(1)(a)) governs the right of a borrower to stave off a trustee sale by paying the amount then due under the terms of the Deed of Trust, without paying more of the principal than would then be due had no default occurred. In the case of this Deed of Trust, [Zahn LLC] argues none of the principal would have been due, and no payments would have been due, and so no interest would yet be due. Therefore, [Zahn LLC] argues, the default interest cannot continue to accrue following the cure. But the statute does not govern when default interest should start and stop. Indeed, nothing in the statute prohibits acceleration of a loan in order to charge default interest on the amount owing. Here, the parties agreed that, upon default, all sums would come due and payable at the option of Plaintiff, and "shall accrue default interest at the rate of

9

Eighteen Percent (18%) per annum." The Court has considered [Zahn LLC]'s argument that this term would only apply where the plaintiff advanced funds for, for example, taxes under Paragraph 6 of the Covenants. The argument fails because the Deed of Trust simply does not contain language making Covenants, Paragraph 6 a condition precedent for default and acceleration of the loan and Mutual Agreements, Paragraph 3 does not require such a condition in order to make sense. Therefore, if [Zahn LLC] defaulted on the Deed of Trust, then from 30 days following Notice of Default, all sums secured by the Deed became due and payable, and the default interest rate of 18% applied to all sums then owing until the debt was paid in full.

(Internal citations omitted.)

The trial court relied on <u>Meyers Way Development Limited Partnership v. University Savings Bank</u>, 80 Wn. App. 655, 910 P.2d 1308 (1996). In that case, this court held that a bank properly foreclosed on a deed of a trust securing a promissory note under the deed of trust act, chapter 61.24 RCW. <u>Id.</u> at 657-58. Once the borrower defaulted, the promissory note allowed the lender to accelerate the whole indebtedness and declare it immediately due and payable, as long as the borrower first had 30 days to cure any nonmonetary default and 10 days to cure any monetary default. <u>Id.</u> at 660. After acceleration, a higher interest rate of at least 21% per annum would be charged, instead of the lower, " 'ordinary' " contract interest rate. <u>Id.</u> After the borrowers defaulted under the loan agreement, the Bank provided a written notice of default. <u>Id.</u> Nearly two months later, the Bank sent a letter to the borrowers, notifying them that it had elected to accelerate the loan, making the full debt immediately due and owing. <u>Id.</u> at 661. The Bank eventually issued and reissued notices of the trustee's sale and foreclosure. <u>Id.</u> at 663. The borrowers filed suit and, after the sale, the trial court granted the Bank's motion for summary judgment on all claims except improper acceleration of the

note and claims based on its assignments of interests received from the borrowers. Id. at 663-64.

On appeal, this court held that the bank's acceleration of the loan and inclusion of default interest were permissible under RCW 61.24.090. Id. at 670. It also held that both the note and deed of trust included a provision allowing for interest at the default rate after accelerating the loan, and that the Bank's failure at any time to assert a claim for default interest would not defeat that claim or serve as a waiver. Id.

Here, Douglas initially sought a nonjudicial foreclosure under chapter 61.24 RCW, but then he changed course and sought judicial resolution. Douglas did not waive his right to accelerate or seek default interest by doing so. Under the plain terms of the deed of trust, upon default and failure to cure within 30 days, "all sums secured hereby shall immediately become due and payable at the option of [Douglas] and shall accrue default interest at the rate of Eighteen Percent (18%) per annum."

Zahn LLC argues that the language of the Note is a vehicle to clarify the meaning of the language of the deed of trust. The Note states,

> If Maker fails to make payment of any principal, interest, or other amount evidenced hereby when it becomes due and such failure shall continue unremedied for thirty (30) days after delivery by Lender of written notice to Maker (a "Default"), Lender may, without demand or further notice to Maker, (i) pursue its remedies pursuant to the Deed of Trust and/or (ii) accelerate the entire unpaid principal amount evidenced hereby, and the same shall thereupon be forthwith due and payable, without presentment, demand for performance or payment, protest, notice of nonperformance or nonpayment, notice of protest, notice of dishonor, or further notices or demands of any kind, all of which are hereby expressly waived by

Maker, and interest on any accelerated amount shall accrue interest at eighteen percent (18%) per annum until paid in-full.

Thus, both the deed of trust and the Note treat acceleration of the due date separately or independently from triggering default interest.[5] Neither the Note nor the deed of trust require that both are done, nor that acceleration be done before default interest accrues.

Zahn LLC agreed in the promissory note to make payments of "any principal, interest, or other amount" when they became due. Zahn LLC did not pay lawful taxes owed on the property and Douglas sent Zahn LLC a notice of default. Zahn LLC did not pay the taxes within the 30 days of the notice, and did not pay them until over six months later. Douglas rightfully gave notice to Zahn LLC of its default under the promissory note, which required Zahn LLC to make required payments due pursuant to the deed of trust, and gave notice that the default had triggered the higher interest rate. Douglas is therefore entitled to interest at the default rate of 18 percent from the time of the default.

We affirm the summary judgment.

IV.     Attorney Fees

Douglas argues that he is entitled to attorney fees and costs on appeal, under both the Note and the deed of trust. Zahn LLC also requests attorney fees on appeal under the settlement agreement, the Note, and the deed of trust.

---

[5] This forecloses Zahn LLC's argument, under chapter 61.24 RCW, that once it cured the default more than 11 days prior to the date of sale, the interest rate should have returned to the lower contract rate. Once Zahn LLC defaulted and Douglas's notice triggered the default interest rate under the promissory note, a cure of one of the defaults under the deed of trust could not return the interest rate to the lower rate.

We award fees on appeal to Douglas from Zahn LLC, as provided by the loan documents.  RCW 4.84.330; RAP 18.1(a).

We affirm.

_Appelwick, C.J._

WE CONCUR:

_Mann, J._          _Becker, J._