# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WILLIAM LENZ and NANCY LENZ, a married couple, | No. 82787-1-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DAVID P. MAROSI and CHERYL A. FORD, a married couple, and their marital community; and THE MAROSI LIVING TRUST, | |
| Respondents. | |

PER CURIAM — William and Nancy Lenz appeal from a trial court order following a bench trial. They argue that the trial court erred by not finding in their favor on a quiet title claim, which was premised on a theory of mutual acquiescence. But this theory was not pleaded in the Lenzes' operative complaint, and the Lenzes fail to establish that the trial court abused its discretion in declining to deem their complaint amended to allege such a theory. Therefore, we affirm.

I

The Lenzes own real property in Snohomish County. The Marosi Living Trust (Trust) owns a property to the immediate west of the Lenzes' property (Trust property). David Marosi and his wife, Cheryl Ford (together, Marosi), reside on the Trust property.

In July 2019, the Lenzes initiated this lawsuit, naming the Trust and Marosi as defendants. In their operative complaint, the Lenzes alleged that the defendants had breached a road maintenance agreement, mowed a portion of the Lenzes' property without the Lenzes' consent and otherwise trespassed onto the Lenzes' property, "removed and either converted, or disposed of [the Lenze]s' yard ornaments," planted on the Trust property near its boundary with the Lenzes' property a hedge of cypress trees the roots of which would "destroy [the Lenze]s' fence within the next two years" and "compromise [the Lenze]s' septic system and drain field within the next three to four years," and engaged in "ongoing . . . verbal harassment" of the Lenzes. In their requests for relief, the Lenzes asked that "the Court quiet title to the area of [the Lenze]s' property that is not subject to the road easement and the road maintenance agreement." However, the Lenzes did not specify the theory on which their quiet title claim was based or plead any facts related to their quiet title claim.

The Lenzes tried their claims to the bench over six days in May 2021. At the outset of trial, the Lenzes' counsel indicated that defense counsel "was concerned about some of the averments [in the] complaint . . . in regard to what arborists' opinions might be" and that "[t]hose turned out to be not as accurate as what I think the testimony is going to be." The Lenzes' counsel proposed that the parties "just stipulate to amend the . . . complaint to conform to the evidence that's been admitted and that we have obtained in discovery" and posited that he did not think defense counsel "would have a problem with that." The trial court

2

invited the parties to discuss the matter overnight and advise the court if any stipulations had been reached.

The next morning, the Lenzes' counsel provided the following update:

I believe we have a stipulation that the evidence obtained in discovery and admitted at trial will be used to conform the pleadings to the evidence, specifically with regard to plaintiffs' complaint. One of the issues that there was a – in his opening statement – in opening statement, the defendants made an issue about the distances of roots and the amount of time it would take to get those distances. Some of those statements in the pleading in terms of distances and time are inaccurate. But we have all seen the evidence and the declarations of the arborists and the deposition testimony of arborists, and we know what the accurate numbers are. So we have got a stipulation to just . . . conform the pleadings to the evidence under [CR] 15.

The trial court asked, "I gather you are saying that . . . it's your understanding that there's a stipulation to conform the pleadings to the evidence under [CR] 15. Is that correct?" The Lenzes' counsel confirmed, "That's what we are saying, yes." The court then asked defense counsel, "[I]s there indeed a stipulation as to that?" Defense counsel responded, "Agreed."

At no point during the foregoing colloquies did the Lenzes' counsel indicate that the Lenzes intended to assert a theory of mutual acquiescence in support of their quiet title claim.

On May 17, 2021, the final day of trial, the Lenzes filed a "supplemental trial brief" purporting to "present the following claims for the Court's consideration after trial as plead and per the Parties CR 15 stipulation that the pleadings will be conformed to the evidence." In a section of the brief under the heading "QUIET

TITLE," the Lenzes listed "Mutual Acquiescence" and cited a single case without any discussion.

The following morning, the trial court issued its oral decision. The court observed, with regard to the Lenzes' quiet title claim,

> I . . . was wondering what the quiet title claim was talking about. And then yesterday the Court was informed that it involved assertions of . . . mutual acquiescence. Defense counsel understandably objected to its timeliness. And I confess, I am still rather unclear and somewhat perplexed about the assertions. But, in any event, . . . mutual acquiescence ha[s] particular legal components . . . that were not really developed at trial. And they concern potential issues about which the defense was not fairly put on notice.

The court incorporated its oral findings and conclusions by reference into a written order, in which the only claims the trial court determined the Lenzes had proved were their claims for breach of the road maintenance agreement and for a declaration that Marosi and the Trust had "no right to do anything on the [Lenze]s' grass strip on the west side of the easement road crossing the Lenz property absent permission by the Lenz[es]."

The Lenzes appeal.

## II

The Lenzes contend that because their complaint "was amended by stipulation under [CR] 15 to conform with the uncontroverted evidence admitted at trial,"[1] the trial court erred by refusing to address their mutual acquiescence theory and, thus, their quiet title claim. We disagree.

---

[1] Underlining omitted.

4

Under CR 15(b), "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any part at any time." We review a trial court's denial of a motion to amend a pleading for abuse of discretion. Herron v. Tribune Publ'g Co., 108 Wn.2d 162, 165, 736 P.2d 249 (1987). " 'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.' " In re Marriage of Muhammad, 153 Wn.2d 795, 803, 108 P.3d 779 (2005) (quoting In re Marriage of Littlefield, 133 Wn. 39, 46-47, 940 P.2d 1362 (1997)).

For at least two reasons, the Lenzes fail to show that the trial court abused its discretion in declining to deem the Lenzes' complaint amended to allege mutual acquiescence.

First, the record does not support the Lenzes' assertion that the parties prospectively stipulated to amend the Lenzes' complaint to include any unpleaded theories on which the Lenzes would present evidence at trial. The Lenzes rely on the colloquy that took place at the outset of trial to support their assertion. But the only stipulation that clearly arose out of that colloquy had to do with conforming the pleadings to an arborist's testimony related to the growth rate of certain roots. Indeed, even the trial court later indicated, in declining to consider the mutual acquiescence theory, that it "was wondering" about the basis for the quiet title claim until the final day of trial, when the Lenzes filed their

5

"supplemental brief," which the trial court characterized as "add[ing] . . . more general theories, perhaps hoping that something maybe would stick." The Lenzes do not persuade us that the trial court was manifestly unreasonable inasmuch as it did not recognize an enforceable stipulation to amend the Lenzes' complaint to allege mutual acquiescence. Cf. Morris v. Maks, 69 Wn. App. 865, 868, 850 P.2d 1357 (1993) (trial court's decision whether to enforce a stipulation is reviewed for abuse of discretion).

Second, "amendment under CR 15(b) cannot be allowed if actual notice of the unpleaded issue is not given, if there is no adequate opportunity to cure surprise that might result from the change in the pleadings, or if the issues have not in fact been litigated with the consent of the parties." Harding v. Will, 81 Wn.2d 132, 137, 500 P.2d 91 (1972). Here, the Lenzes do not point to anything in the record to show that the Trust and Marosi were on actual notice that the Lenzes intended to pursue a mutual acquiescence theory. And as discussed, even the trial court indicated it was unclear as to the basis for the Lenzes' quiet title claim until the final day of a six-day trial. To this end, the trial court observed that "[d]efense counsel understandably objected to its timeliness" and that "the defense was not fairly put on notice." The Lenzes do not acknowledge, much less address, the trial court's observations with regard to inadequate notice and prejudice to the Trust and Marosi. Consequently, they fail to establish that the trial court was manifestly unreasonable under the circumstances in declining to

6

No. 82787-1-I/7

deem the Lenzes' complaint amended to allege a theory of mutual acquiescence and refusing to consider that theory.[2]

We affirm.

FOR THE COURT:

Díaz, J.

Chung, J.

Dwyer, J.

---

[2] In light of this determination, we need not reach the Lenzes' argument that the trial court erred inasmuch as it did not resolve the issue of mutual acquiescence in their favor. We observe, however, that the trial court's statement that the elements of mutual acquiescence "were not really developed at trial" indicates that even if it had considered that theory, it would not have been persuaded that the Lenzes had satisfied their burden of proof thereon. To this end, we observe further that the elements of mutual acquiescence must be proven by clear, cogent, and convincing evidence, Merriman v. Cokeley, 168 Wn.2d 627, 630, 230 P.3d 162 (2010), and that appellate courts defer to the trier of fact on the overall weight and persuasiveness of the evidence, including any individual witness's testimony. State v. Bass, 18 Wn. App. 2d 760, 782, 491 P.3d 988 (2021), review denied, 198 Wn.2d 1034, 501 P.3d 148 (2022); cf. Plancich v. Williamson, 57 Wn.2d 367, 370, 357 P.2d 693 (1960) (trier of fact is entitled to disbelieve a witness's testimony even if not directly contradicted).